[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Ravinder Singh appeals a declaratory ruling issued by the defendant commissioner of public health and addiction services holding that the plaintiff had not satisfied the educational requirements for licensure as a veterinarian in this state. The commissioner issued the ruling accordance with General CT Page 14469 Statutes § 4-176. the plaintiff appeals pursuant to § 4-183. The court concludes that the case must be remanded for further proceedings.
The plaintiff was awarded the degree of Bachelor of Veterinary Science and Animal Husbandry by Punjab Agricultural University, Punjab, India, in 1985. In 1992, he applied to the defendant commissioner for a license to practice veterinary medicine in Connecticut The commissioner denied that application on the basis that the plaintiff had not graduated with a degree of doctor Of veterinary medicine or its equivalent, as required by General Statutes § 20-198. In denying the plaintiff's application, the department expressly stated that the plaintiff is not eligible to sit for the applicable examination Further, even if he qualified for a waiver of the examination requirement, he would not be eligible for licensure because of the asserted educational deficiency.
In May 1994, the plaintiff requested a declaratory ruling on his eligibility for licensure. At that time, evidence in the record showed that he held licenses to practice veterinary medicine in Michigan, Illinois and Massachusetts. There were also allegations in the record before the commissioner that one or more other persons who had attended the same university as the plaintiff, and had been awarded the same degree, had been licensed by the commissioner to practice in this state. Although there was no hard evidence of such disparate treatment in the record, the allegations are not entirely unsupported. Communications from the commissioner's office that are in the record acknowledge, at least implicitly, that the allegations may be true.
Prior to the issuance of the declaratory ruling, the plaintiff twice requested that the department hold a hearing in accordance with General Statutes § 4-176(e)(2) and (g). These statutes provide that the administrative agency has the discretion, but is not required, to hold a hearing in conjunction with the issuance of a declaratory ruling. The plaintiff asserted that a hearing was necessary in order to allow the plaintiff to gather and present evidence on the "issue of disparate treatment of identical applicants," presumably referring to the CT Page 14470 other applicants who allegedly had the same educational qualifications as the plaintiff but who had received licenses. The plaintiff cited General Statutes § 4-177c
and 4-178 in his request.
The department refused to hold a hearing, but it did issue a declaratory ruling, signed by the commissioner on October 15, 1994. In her ruling, the commissioner reiterated the earlier position of the department that the degree received by the plaintiff at Punjab Agricultural University did not satisfy the requirement in General Statutes §§ 20-198 and 20-200 that an applicant have a degree of doctor of veterinary medicine awarded by an accredited United States university or its equivalent. The commissioner found that the plaintiff's degree was the equivalent only of a bachelor s degree, not a doctorate. Accordingly, she ruled that the plaintiff would not be eligible for licensure in Connecticut. The commissioner did not address or even mention the issue of disparate treatment in her ruling.
The plaintiff advances two arguments in support of his appeal of the commissioner's ruling: (1) that the plaintiff has fully satisfied the requirements of § 20-198; and (2) that the commissioner's denial of the plaintiff's request for a hearing constituted an abuse of discretion. In his prayer for relief, the plaintiff requests that the court sustain his appeal and order the commissioner to issue him a license or, in the alternative, remand the case and order the commissioner to hold a hearing focused on the issue of unequal treatment.
In Karan v. Adams, 807 F. Sup. 900 (D. Conn. 1992), the court addressed the issue of the right to a hearing in Connecticut's professional occupational licensing procedure. In that case, the plaintiff was a psychologist licensed in Wisconsin and had practiced psychology there before moving to Connecticut and applying for licensure here. In a decision similar to the one in the present case, the commissioner of health and addictive services, without holding a hearing, denied the application on the basis that the plaintiff's course of professional study and training did not satisfy this state's statutory requirements. Lacking an avenue of direct appeal, the CT Page 14471 plaintiff brought suit in federal court claiming that the licensing procedure deprived him of his right to due process of law guaranteed by the fourteenth amendment to the United States constitution. The court agreed, holding that the due process clause required the board of examiners of psychologists to hold a hearing on the plaintiff's application for licensure even though no state statute required such hearing.
The Karan court did not hold that every professional who holds a license in another state is entitled to a hearing on his or her application for a license in Connecticut. Rather, the court noted that "due process is flexible and calls for such procedural protections as the particular situation demands,'" Karan v. Adams,
supra, 807 F. Sup. 914, citing Morrissey v. Brewer,408 U.S. 471, 481 (1972).
The Karan court cited three factors to consider in determining what process is due in a particular case: "(1) the nature of the private interest sought to be protected; (2) the risk of erroneous deprivation of that interest through the procedure used and the probable value of additional safeguards and (3) the government's interest, including the fiscal and administrative burdens that would be placed on it by additional procedures." Id., 911. See, also, to the same effect Harkless v. Rowe,232 Conn. 599, 625 (1995).
In the present case, the plaintiff's private interest is essentially the same as the private interest identified in the Karan case; that is, "an interest in being permitted to take the Connecticut licensure examination (or to satisfy the examination requirement through [waiver])." Id., 909.
The risk of erroneous deprivation of that interest under the procedure that was used in the present case is plain. Under the procedure that was used, the plaintiff had no opportunity to develop and present evidence of disparate treatment. Such evidence would be relevant to a variety of material issues — whether the commissioner's interpretation of the statutory requirements for licensure was consistent with prior rulings; whether the interpretation was reasonable; whether the commissioner's CT Page 14472 ruling in the plaintiff's case was arbitrary or discriminatory; and whether the ruling on the plaintiff's application was an abuse of discretion. A hearing, which would be subject to the discovery and evidentiary provisions of General Statutes §§ 4-177c and 4-178, would provide an opportunity to gather and present whatever relevant evidence on the subject might be in existence.
Finally, the court sees little fiscal or administrative burden on the commissioner or her department in holding a hearing limited to the narrow subject matter requested by the plaintiff. See Karan v.Adams, supra, 807 F. Sup. 914
Because the court concludes that due process considerations required the commissioner to hold a hearing in accordance with the plaintiff's request, it was an abuse of discretion to refuse to do so. General Statutes § 4-183(j) provides that "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional provisions . . . or (6) . . . characterized by abuse of discretion." In such event, the court must sustain the appeal. In this case, the law requires that the commissioner hold a hearing limited to the issue of whether the commissioner failed to afford the plaintiff due process and equal treatment in considering his application for a veterinary license, with particular reference to other graduates of the same educational program as the plaintiff completed. Evidence adduced at the hearing shall be added to the administrative record in this case. Following the hearing, the commissioner shall issue a new declaratory ruling modifying, affirming or reversing the original ruling.
In view of the court's decision ordering an administrative hearing and a new declaratory ruling, it would be premature at this time to consider the plaintiff's other grounds for appeal.
The appeal is sustained and the case is remanded, in accordance with § 4-183(k), for further proceedings CT Page 14473 consistent with this decision.
MALONEY, J.